UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────────

UNITED STATES OF AMERICA

                v.

ERNEST GREEN,

                         Defendant.

**DECISION AND ORDER**
12-CR-83S

─────────────────────────────────

**I) INTRODUCTION**

Pending before the Court is a motion (Dkt. No. 118) by defendant Ernest Green ("Green") for pretrial release on conditions available under 18 U.S.C. § 3142(c). This motion marks Green's first request for bail; he has been in continuous federal custody since his arraignment on March 9, 2012, but he reserved his right to seek bail and waived the detention hearing at that time. In support of his motion, Green notes how much time has passed since the original voluntary discovery deadline in this case and proposes that he could live with either his mother or his sister. Green acknowledges the serious nature of the charges against him but argues that his background does not make him a flight risk. The Government opposes release given the nature of the present charges and given Green's extensive criminal history, which includes a conviction for escaping jail and multiple parole violations. The United States Probation Office ("USPO") recommends continued detention.

The Court held a bail review hearing on May 27, 2014.  For the reasons below, the Court denies the motion.

## II) BACKGROUND

This case concerns allegations that Green and co-defendants Rodshaun Black ("Black") and Daniel Rodriguez ("Rodriguez") conspired to commit Hobbs Act extortion against someone named Jabril Harper ("Harper").  In the one-count Indictment, filed March 6, 2012, the Government alleged that Green "did knowingly, willfully and unlawfully combine, conspire and agree together and with others, known and unknown to the Grand Jury, to obstruct, delay and affect commerce, as that term is defined in Title 18, United States Code, Section 1951(b)(3), and the movement of articles and commodities in commerce, by robbery as that term is defined in Title 18, United States Code, Section 1951(b)(1), and extortion, as that term is defined in Title 18, United States Code, Section 1951(b)(2), in particular, the robbery and extortion of assets, including jewelry, mobile telephones, cocaine base, and money, from Jabril Harper a/k/a Bril, an individual engaged in the unlawful possession and distribution of controlled substances, including cocaine base.  All in violation of Title 18, United States Code, Section 1951(a)." (Dkt. No. 1.)  In a pre-indictment complaint filed against Green (Case No. 12-MJ-2037, Dkt. No. 1), the Government provided details from its investigation and from confidential informants that the conspiracy

in question culminated in the kidnapping, armed robbery, and murder of Harper on December 16, 2009.  The Government has disclosed that Rodriguez was accomplice "A-2" in the pre-indictment complaint against Green.

Green did not seek an immediate detention hearing when this case began.  Green was arraigned March 9, 2012 and made a knowing and voluntary waiver of his right to an immediate detention hearing.  The Court ordered Green detained but without prejudice to a later detention or bail hearing.

On May 8, 2014, defendant filed the pending motion for release.  In support of his motion, Green cites his consistent eagerness to go to trial and the length of time that has passed since the original voluntary discovery deadline of April 9, 2012.  Green asserts that he is aware of the serious nature of the charges against him but that nothing in his background suggests a risk of flight.  Green proposes that he could live with his mother or sister on conditions that could include electronic monitoring or home confinement.  Green offers that his sister owns real property in the City of Buffalo that she would offer as security upon request.

The Government opposes release.  The Government notes that Green is facing serious Hobbs Act conspiracy charges that cover a robbery and extortion conspiracy that ended in murder.  Green, according to the Government, has not addressed the strength of the evidence against him.  The Government also

points to Green's criminal history. According to the USPO's pretrial services report, Green had at least half a dozen convictions in his record prior to this case, including a conviction for first-degree robbery and a conviction for second-degree escape from jail. Several of Green's convictions occurred while he was in custody or on parole. The Government sees no reason to believe that release conditions would be effective now, for either flight or safety purposes, given how many times Green disregarded similar conditions in the past.

**III) DISCUSSION**

"The Eighth Amendment to the Constitution states that '[e]xcessive bail shall not be required.' U.S. Const. amend. VIII. Consistent with this prohibition, 18 U.S.C. § 3142(b) requires a court to order the pre-trial release of a defendant on a personal recognizance bond 'unless the [court] determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community.'" *U.S. v. Sabhnani*, 493 F.3d 63, 75 (2d Cir. 2007). Statutory factors to be considered when assessing flight or danger include the nature and circumstances of the offense charged, the weight of the evidence against the person, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *See* 18 U.S.C. § 3142(g).

With respect to flight risk, "the government carries a dual burden in seeking pre-trial detention. First, it must establish by a preponderance of the evidence that the defendant, if released, presents an actual risk of flight. Assuming it satisfies this burden, the government must then demonstrate by a preponderance of the evidence that no condition or combination of conditions could be imposed on the defendant that would reasonably assure his presence in court." *Sabhnani*, 493 F.3d at 75 (citations omitted). "To order detention, the district court must find, after a hearing, that the government has established the defendant's dangerousness by clear and convincing evidence. The rules of evidence do not apply in a detention hearing. Further, the government may proceed by proffer." *U.S. v. Ferranti*, 66 F.3d 540, 542 (2d Cir. 1995) (citations omitted).

Here, several factors weigh in favor of continued detention. Green faces serious conspiracy charges with evidence from informants and other sources that the conspiracy successfully ran its course and led to a premeditated kidnapping, robbery, and murder. The charges are serious in themselves but also trigger the rebuttable presumption in favor of detention set forth in 18 U.S.C. § 3142(e). The weight of the evidence against Green, while not affecting the presumption of innocence, does affect bail considerations. Green focuses on his eagerness to go to trial but makes no effort to raise doubts about the evidence supporting

5

those charges. *Cf. U.S. v. Jackson*, 823 F.2d 4, 7 (2d Cir. 1987) ("As to the weight of the evidence, the government apparently has numerous informants as well as physical evidence to support its charges. Indeed, [defendant] has made no significant attack on the government's proffered evidence."). Green also has a violent criminal history and has violated parole numerous times; on top of the parole violations, Green's record includes a conviction for escaping jail. *Cf. U.S. v. Hendon*, No. 08-CR-172, 2009 WL 2912906, at *2 (E.D. Wis. Sept. 10, 2009) (denying reconsideration of bail in part because "Defendant also has a serious prior record, and while he may not have previously served prison time, he does have convictions for escape and bail jumping."); *U.S. v. Barnett*, No. 5:03-CR-243, 2003 WL 22143710, at *12 (N.D.N.Y. Sept. 17, 2003) ("Every sentence of probation or parole requires a defendant to meet judicially imposed conditions, and violations of either are further evidence of a defendant's inability to comply with judicial mandates and supervision. Evidence of new criminal behavior while other charges are pending inevitably leads to the conclusion that a defendant places his own self-interests above that of the community. In turn, the community has a right to expect courts to protect it."). This record suggests that conditions of release may not stop Green from returning to criminal activity. *Cf. U.S. v. English*, 629 F.3d 311, 322 (2d Cir. 2011) (affirming a detention order where "the proposal for electronic monitoring did not eliminate the danger that

6

[defendant] would 'engage in further sale of narcotics' by telephone with a willing collaborator"). As for Green's family ties, "[w]hile [Green] does appear to have family and other ties to the area, with no identifiable place to flee to, I cannot conclude that his proposal is sufficient to overcome the facts discussed above." *Hendon*, 2009 WL 2912906, at *2.

Under these circumstances, the Court finds that Green has not rebutted the presumption in favor of detention. The Court finds further that Green poses a flight risk by preponderance of the evidence and a risk of danger to the community by clear and convincing evidence. The Court shares Green's eagerness to see this case proceed to trial as soon as possible and feels growing concern about recent discovery problems and how much time might pass to resolve them. Nonetheless, the Court finds that any concerns about timing do not need to be addressed now; today's Decision and Order will be without prejudice to revisit detention at a later time if pretrial discovery drags on to the point that it begins to implicate due process.

## IV) CONCLUSION

For all of the foregoing reasons, the Court denies Green's bail motion (Dkt. No. 118). Green shall remain in custody pending trial.

Green shall remain committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from

7

persons awaiting or serving sentences or being held in custody pending appeal.

Despite the Court's order of detention, Green shall be afforded reasonable opportunity for private consultation with counsel.  Additionally, on order of the Court or on request of an attorney for the Government, the person in charge of the corrections facility in which Green is confined shall deliver Green to a United States Marshal for the purpose of an appearance in connection with a court proceeding in this case.

In accordance with 18 U.S.C. § 3142(j), nothing in this Decision and Order shall be construed as modifying or limiting the presumption of innocence.

SO ORDERED.

_/s Hugh B. Scott_____
HONORABLE HUGH B. SCOTT
UNITED STATES MAGISTRATE JUDGE

DATED: June 9, 2014