UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

  v.

ERNEST GREEN,
  a/k/a "Ern,"
RODSHAUN BLACK,
  a/k/a "Rashaun Black" a/k/a "Shaun,"
DANIEL RODRIGUEZ,
  a/k/a "Danny,"

    Defendants.

**DECISION AND ORDER**
12-CR-83S (1)(2)(3)

## I.  INTRODUCTION

Presently before this Court are Motions for Judgment of Acquittal under Rule 29 of the Federal Rules of Criminal Procedure made by Defendants Ernest Green, Rodshaun Black, and Daniel Rodriguez (collectively "Defendants"). This Court reserved decision on Defendants' motions after they made them at the close of the government's proof (Docket No. 711), at the close of all proof (Docket Nos. 715, 725), and by way of supplemental submissions (Docket Nos. 760-763). For the following reasons, Defendants' motions are denied.

## II.  BACKGROUND

On October 31, 2017, Defendants, together with Amilcar Ramos, proceeded to trial on a 9-count superseding indictment. (Docket Nos. 155, 625.) Counts 1 through 5 related to the robbery, extortion, kidnapping, and murder of Jabril Harper ("the Harper counts"). In Counts 1 and 2, Defendants and Ramos were charged with Hobbs Act

1

conspiracy and Hobbs Act robbery and extortion, in violation of 18 U.S.C. §§ 1951 (a) and 2.  In Count 3, Defendants and Ramos were charged with kidnapping, in violation of 18 U.S.C. §§ 1201 (a)(1) and 2.  In Count 4, Defendants were charged with discharge of a firearm causing death, in violation of 18 U.S.C. §§ 924 (j)(1) and 2.  And in Count 5, Defendants and Ramos were charged with the use, brandish, and discharge of a firearm, in violation of 18 U.S.C. §§ 924 (c)(1)(A)(i), (ii), (iii) and 2.

Counts 6 through 9 of the superseding indictment related to the robbery, extortion, and kidnapping of Morris Singer, and charged only Green and Black ("the Singer counts"). In Counts 6 and 7, Green and Black were charged with Hobbs Act conspiracy and Hobbs Act robbery and extortion, in violation of 18 U.S.C. §§ 1951 (a) and 2.  In Count 8, Green and Black were charged with kidnapping, in violation of 18 U.S.C. §§ 1201 (a)(1) and 2. In Count 9, Green and Black were charged with the possession and brandish of a firearm, in violation of 18 U.S.C. §§ 924 (c)(1)(A)(i), (ii) and 2.

On January 17, 2018, after more than 11 weeks of trial, the jury returned a partial verdict under Rule 31(b) of the Federal Rules of Criminal Procedure, after deliberating for seven days.  (Docket Nos. 740, 743.)  It acquitted Green and Black on the Singer counts and acquitted Ramos on all counts against him.  (Id.)  After further deliberations the following day, the jury remained hung on the Harper counts against Green, Black, and Rodriguez.  (Docket No. 741.)  This Court therefore declared a mistrial without objection.  (Id.)

Thereafter, on February 8, 2018, this Court granted Green's motion to dismiss the indictment on constitutional speedy-trial grounds (joined by Black and Rodriguez), which

2

Green had previously filed on the eve of trial. (Docket Nos. 605, 607, 615, 780.) In short, this Court found that Defendants' 68-month pretrial detention, which was principally chargeable to the government, severely prejudiced Defendants, particularly because they spent their pretrial detention under oppressive conditions and under threat of the death penalty, such that their Sixth Amendment rights to a speedy trial were violated. United States v. Green, 12-CR-83S (1)(2)(3), 2018 WL 786185 (W.D.N.Y. Feb. 8, 2018). This Court therefore dismissed the indictment with prejudice as required. Id.

To complete the record, this Court now resolves Defendants' Motions for Judgment of Acquittal, which were made at various times during and after trial. Defendants first made Rule 29 motions at the close of the government's proof. (Docket No. 711.) They moved again at the close of all proof. (Docket Nos. 715, 725.) Defendants then moved again through supplemental submissions post-trial. (Docket Nos. 760-763.) This Court reserved decision on each of Defendants' motions. See Fed. R. Crim. P. 29(b).

### III.   DISCUSSION

Under Rule 29(a) of the Federal Rules of Criminal Procedure, a court must, upon a defendant's motion, "enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." A defendant may move for a judgment of acquittal after the government closes its evidence, after the close of all evidence, or after the jury has returned its verdict or has been discharged. See Fed. R. Crim. P. 29(a) and (c)(1). A defendant may also renew a previously denied Rule 29 motion, so long as renewal occurs within 14 days after the guilty verdict or discharge of the jury, whichever is later. See Fed. R. Crim. P. 29(c)(1).

The making of a motion for a judgment of acquittal before the court submits the case to the jury is not a prerequisite for making such a motion after the jury is discharged. See Fed. R. Crim. P. 29(c)(3). "[W]hen a motion for judgment of acquittal made at the close of the government's case-in-chief is denied and a defendant presents a case, then the evidence put in by the defense will also be considered in deciding a [Rule 29] motion made after the trial ends." United States v. Truman, 762 F. Supp. 2d 437, 445 (N.D.N.Y. 2011).

A defendant challenging the sufficiency of the evidence, as Defendants do here, bears a heavy burden. United States v. Hassan, 578 F.3d 108, 126 (2d Cir. 2008); United States v. Finley, 245 F.3d 199, 202 (2d Cir. 2001). "In evaluating whether the evidence was sufficient to convict a defendant, [a reviewing court] consider[s] all of the evidence, both direct and circumstantial, 'in the light most favorable to the government, crediting every inference that the jury might have drawn in favor of the government.'" United States v. Velasquez, 271 F.3d 364, 370 (2d Cir. 2001) (quoting United States v. Walker, 191 F.3d 326, 333 (2d Cir. 1999)).

When considering the trial evidence, "the court must be careful to avoid usurping the role of the jury." United States v. Jackson, 335 F.3d 170, 180 (2d Cir. 2003). The court may not "substitute its own determination of . . . the weight of the evidence and the reasonable inferences to be drawn for that of the jury." United States v. Guadagna, 183 F.3d 122, 130 (2d Cir. 1999) (internal quotation marks and citations omitted). Determining the witnesses' credibility falls strictly within the province of the jury.

Guadagna, 183 F.3d at 129 (noting that the court must defer to the jury even if the evidence would also support, in the court's opinion, a different result).

A judgment of acquittal is warranted only if the court concludes that the evidence is non-existent or so meager that no rational trier of fact could find the defendant guilty beyond a reasonable doubt. Velasquez, 271 F.3d at 270; Guadagna, 183 F.3d at 130. The court must consider the evidence "in its totality, not in isolation, and the government need not negate every possible theory of innocence." United States v. Cote, 544 F.3d 88, 98 (2d Cir. 2008); see Guadagna, 183 F.3d at 130 ("each fact may gain color from the others").

Here, considering the evidence in its totality, it cannot be concluded that no rational trier of fact could find Defendants' guilty beyond a reasonable doubt. Indeed, by virtue of the hung verdict on the remaining counts of the superseding indictment, one or more of the trial jurors must have been convinced by the government's evidence. This Court too heard the evidence over the course of the 11-week trial. During that time, the government presented sufficient evidence to carry its burden of proving the elements of each crime charged against each defendant. The government presented scientific, physical, and eye-witness evidence, including from co-conspirators, all of which, if credited, would firmly support guilty verdicts in this case. While it is possible that Defendants weakened the government's evidence and theory of the case through cross-examination, their own evidence, and counsels' arguments, as they claim, this Court nonetheless finds that the government presented sufficient evidence at trial to convict

Defendants on each of the remaining counts in the superseding indictment.  Defendants are therefore not entitled to judgments of acquittal.

## IV.　CONCLUSION

For the reasons stated above, Defendants are not entitled to judgments of acquittal.  Their motions seeking such relief must therefore be denied.

## V.　ORDERS

IT HEREBY IS ORDERED, that Defendants' Motions for Judgment of Acquittal (Docket Nos. 711, 715, 725, 760, 761) are DENIED.

FURTHER, that Defendant Rodriguez's Motion to Join Defendant Black's Rule 29 Motion (Docket No. 763) is GRANTED.

SO ORDERED.


Date:　February 27, 2018
　　　　Buffalo, NY


　　　　　　　　　　　　　　　　　　　　　　　　/s/William M. Skretny
　　　　　　　　　　　　　　　　　　　　　　　　WILLIAM M. SKRETNY
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge